**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH YEWAISIS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNION COUNTY SAVINGS BANK, *et al.*,<br><br>*Defendants.* | Civil Action No.: 25-01536<br><br>**OPINION AND ORDER**<br><br>January 28, 2026 |

**SEMPER**, District Judge.

    **THIS MATTER** is before this Court upon Defendants Union County Savings Bank ("UCSB"), Sydney Colin Neill, Kelly Watson, Doris Hawkins, Teresa Soto Vega, Thomas Ramos, Bill Fenstemaker (improperly pled as "Robert Fenstemaker"), Joseph Garibaldi, IV, and William Jones'[1] ("Defendants") Motion to Dismiss Plaintiff Joseph Yewaisis's ("Plaintiff") First Amended Complaint (ECF 25, "FAC"). (ECF 29, "Motion.") Plaintiff did not oppose the Motion. The Court decided the Motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**.

    **WHEREAS** Plaintiff Joseph Yewaisis brought this wrongful termination action against Defendants on February 27, 2025. (*See* ECF 1.) On July 21, 2025, Plaintiff filed the First Amended Complaint. (ECF 25.) In the FAC, Plaintiff, the former Chief Operating Officer and later Chairman,

---

[1] Defendants Sydney Colin Neill, Kelly Watson, Doris Hawkins, Teresa Soto Vega, Thomas Ramos, Bill Fenstemaker, Joseph Garibaldi, IV, and William Jones are current or former members of the UCSB Board of Directors (the "UCSB Board Members"). (*See* FAC ¶¶ 10-17.)

President, and Chief Executive Officer of UCSB, alleges that he was wrongfully terminated "after exposing the Bank's negligent, fraudulent, discriminatory, and financially reckless conduct." (FAC ¶¶ 1, 8.) Plaintiff claims that UCSB's Board of Directors, individually named as Defendants (*id.* ¶¶ 10-17), engaged in a scheme to conceal fraud and other misconduct and terminated Plaintiff in retaliation for his refusal to participate in their scheme. (*Id.* ¶¶ 2, 28-49, 56-62, 75-79.) The FAC asserts the following causes of action: breach of contract against UCSB (Count 1) (*id.* ¶¶ 80-104); wrongful termination in violation of New Jersey's Conscientious Employee Protection Act against UCSB and the UCSB Board Members (Count 2) (*id.* ¶¶ 105-22); fraud and negligent misrepresentation against UCSB and the UCSB Board Members (Count 3) (*id.* ¶¶ 123-68); civil conspiracy against the UCSB Board Members (Count 4) (*id.* ¶¶ 169-179); and aiding and abetting against the UCSB Board Members (Count 5) (*id.* ¶¶ 181-93). The FAC alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (*Id.* ¶ 6); and

**WHEREAS** on August 18, 2025, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF 29.) On September 16, 2025, Defendants filed a letter on the docket informing the Court that Plaintiff had not filed an opposition to the Motion. (ECF 30.) On the same day, counsel for Plaintiff filed a letter stating his understanding that the case would be dismissed without prejudice on jurisdictional grounds. (ECF 31.) On December 3, 2025, counsel for Plaintiff informed the Court that he would be withdrawing from active practice and his pending matters. (ECF 32.) Although Plaintiff could have voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41—which would have led to the same result without wasting the Court's resources—Plaintiff's counsel instead filed another

letter on the docket again requesting that the Court dismiss the case without prejudice for lack of subject matter jurisdiction. (ECF 34.) Plaintiff's counsel has yet to withdraw from this matter; and

**WHEREAS** Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject-matter jurisdiction on either facial or factual grounds. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997)). A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); and

**WHEREAS** Defendants argue that the Court should dismiss the FAC for lack of subject matter jurisdiction because none of Plaintiff's causes of action arise under federal law. (ECF 29-1, "Defs. Br." at 5-8.) The Court agrees. "In order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Haiying Xi v. Shengchun Lu*, 226 F. App'x 189, 190 (3d Cir. 2007) (citing 28 U.S.C. §§ 1331 and 1332). The plaintiff "bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted).

**WHEREAS** federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Defendants explain in the Motion to Dismiss, although "Plaintiff peppers his First Amended Complaint with allegations asserting that the UCSB Defendants violated various federal laws in support of his causes of action

3

arising under state law, [ ] no actual federal question is identified to be decided by this Court." (Br. at 5.) Plaintiff's causes of action all arise under state law. (*See generally* FAC.) Thus, Plaintiff's claims do not "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Ben-Haim v. Avraham*, No. 15-6669, 2016 WL 4621190, at *2 (D.N.J. Sept. 6, 2016) ("As generally interpreted, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." (quoting *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986))); and

**WHEREAS** a district court also has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although Plaintiff alleges that subject matter jurisdiction arises pursuant only to federal question jurisdiction (FAC ¶ 6), the Court briefly addresses diversity jurisdiction. Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Plaintiff has not alleged his state of citizenship and does not allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. *See Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."). Therefore, the Court does not have diversity jurisdiction over Plaintiff's claims; and

**WHEREAS** under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over state law claims if it has federal question or diversity jurisdiction. Because the Court does not have original jurisdiction over any of Plaintiff's claims, the Court likewise cannot exercise supplemental jurisdiction over Plaintiff's claims. *See Ben-Haim*, 2016 WL 4621190, at *5 ("[T]here must be an independent basis for federal jurisdiction before supplemental jurisdiction may exist." (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005))).

Accordingly, **IT IS** on this 28th day of January 2026,

**ORDERED** that Defendants' Motion to Dismiss (ECF 29) is **GRANTED**; and it is further

**ORDERED** that the First Amended Complaint (ECF 25) is dismissed without prejudice for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of Court is directed to close this matter.

**SO ORDERED**.

                                                               */s/ Jamel K. Semper*
                                                               **HON. JAMEL K. SEMPER**
                                                               **United States District Judge**

Orig:   Clerk
cc:     Stacey D. Adams, U.S.M.J.
        Parties